# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: John Paul Cimino<br>SSN: xxx-xx-1225<br><br>Debtor. | Case No.: 21-80056-CRJ7<br><br>Chapter 7 |

## TRUSTEE'S MOTION TO EXTEND DISCHARGE DEADLINE

COMES NOW Tazewell T. Shepard III, trustee of the bankruptcy estate of the above-captioned Chapter 7 debtor, and shows unto this Honorable Court as follows:

### Background

1. On January 11, 2021, John Paul Cimino (the "**Debtor**") filed a petition under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division (the "**Bankruptcy Court**").

2. The Bankruptcy Court appointed Tazewell T. Shepard III as the duly qualified and acting Chapter 7 trustee for this case (the "**Trustee**").

3. The Bankruptcy Court has subject matter jurisdiction to consider and determine this Motion to Extend Discharge Deadline (this "**Motion**") pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Trustee brings this Motion pursuant to Section 727 of the Bankruptcy Code and Rule 4004(b) of the *Federal Rules of Bankruptcy Procedure*.

### Pertinent Facts and Law

5. During the Debtor's Section 341 Meeting of Creditors, the Trustee uncovered evidence that, prior to filing bankruptcy, the Debtor conveyed personal assets to a family trust.

6. The Trustee is currently investigating these claims and whether such transfers could be voidable pursuant to applicable law.

7. If actionable, such transfers may support a lawsuit to deny the Debtor's Chapter 7 discharge in accord with 11 U.S.C. § 727(a).

8. If necessary, an action to deny the Debtor's Chapter 7 discharge would support the interests of the Debtor's creditors and his bankruptcy estate.

9. April 13, 2021 is the present deadline for the Trustee to file an action to deny the Debtor's discharge (the "**Discharge Deadline**"). Fed.R.Bankr.P. 4004(a).

10. This Court possesses wide discretion to extend the Discharge Deadline. Fed.R.Bankr.P. 4004(b).

## Requested Relief

11. The Trustee seeks an order from this Court extending the Discharge Deadline by ninety (90) days to July 12, 2021.

12. Granting the requested relief will allow the Trustee an opportunity to complete his investigation into the Debtor's alleged transfers of assets and, if necessary, file the appropriate actions with this Court.

13. Neither the Debtor nor other parties-in-interest will be unduly or unfairly prejudiced by the granting of this Motion. Instead, granting this Motion will benefit the parties-in-interest because the bankruptcy estate will avoid the costs of preparing and filing, and the Debtor the costs of defending, a lawsuit that may or may not be actionable.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order: (i) extending the deadline to object to the discharge of the Debtor by ninety (90) days to July 12, 2021; and (ii) granting such further relief as this Court deems just and proper.

Respectfully submitted this the 11th day of April, 2021.

/s/ Tazewell T. Shepard IV
Kevin M. Morris
Tazewell T. Shepard IV
*Attorneys to Chapter 7 Trustee*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P.O. Box 19045
Huntsville, AL 35804
(256) 512-9924
ty@ssmattorneys.com

## CERTIFICATE OF SERVICE

        This is to certify that I have this the 11th day of April, 2021 served the foregoing document upon all parties listed on the clerk's matrix of creditors, Kevin D. Heard, *Attorney for the Debtor*, Richard M. Blythe, *Attorney for the Bankruptcy Administrator*, and all parties requesting notice by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U. S. Mail, postage prepaid.

                                              */s/ Tazewell T. Shepard IV*
                                              Tazewell T. Shepard IV